UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. A. No. 19-00078-002 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| ASHLEY BRADSHAW | MAG. JUDGE KAREN L. HAYES |

**WRITTEN REASONS FOR RULING ON OBJECTIONS TO PRE-SENTENCE REPORT**

Pending before the Court are certain objections to the Pre-Sentence Report filed by Defendant Ashley Bradshaw. A hearing was held on December 2, 2019, and the Court issued its ruling on those objections. These written reasons address the Court's ruling.

**Objection #1:** Defendant objects to the quantity of drugs calculated by the Government to determine the Base Offense Level, contending that the drug quantity of 1.63 kilograms of methamphetamine "ice" is incorrect. She admits that she shared an apartment with Co-Defendant Deleyoung Miller and was aware that he had methamphetamine in his room, and she further admits that she delivered methamphetamine at his direction. However, she denies that she was aware that, or that it was reasonably foreseeable for her to know, that Miller had 1.63 kilograms in his room.

Under USSG §1B1.3(a)(1)(B), "in the case of a jointly undertaken criminal activity," a defendant is held accountable for "all acts and omissions of others that were . . . (i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity"; that occurred during the commission of the offense of conviction." While Defendant denies that she was aware of the

amount of drugs Deleyoung Miller possessed, she may be held accountable, regardless of her actual knowledge, if the relevant conduct criteria are met. The Court finds that they are. Miller possessed the very drug that she distributed for him, in the apartment that he shared with her, and the possession of a larger amount of drugs necessary for distribution by multiple persons was reasonably foreseeable in connection with the criminal activity. Therefore, Defendant's Objection #1 is DENIED.

**Objection #2:** Defendant objects she should have received a reduction in her offense level as a minimal/minor/intermediate participant pursuant to U.S.S.G. §3B1.2(a).

Pursuant to U.S.S.G. § 3B1.2, a defendant's offense level may be reduced for her mitigating role in the offense. An offense level is decreased by four levels if the defendant was a minimal participant in any criminal activity. An offense level is decreased by two levels if the defendant was a minor participant. For intermediate participants the offense level is reduced three levels. Defendant bears the burden of proving her mitigating role in the offense by a preponderance of the evidence.

Application note 3 explains this adjustment applies to "a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." It is a "fact-based determination," and the Court considers a number of factors, including:

(i) the degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

2

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2, cmt. 3 (C).

A four-level reduction for a minimal participant is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of the group. A defendant "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal," may receive a minor participant reduction.

Although the Court has found that Defendant was properly held accountable for the entire amount of the methamphetamine in the conspiracy, the Court also recognizes that, among the participants, Bradshaw had a lesser role. Applying the factors and considering the particular facts and circumstances of this case, the Court finds that Defendant should receive a reduction as a minor participant. Her Objection #2 is GRANTED, and her offense level is reduced by two levels to 32. With a criminal history category of VI, this results in a change to her Guideline range of incarceration to 210-262 months. The Pre-Sentence Report is AMENDED to this extent.

**Objection #3:** Defendant next contends that her Adjusted Offense Level

should be 26. Objection #3 is DENIED. The offense level has been reduced as set forth in the ruling on Objection #2.

**Objection #4:** Defendant objects to the use of the "modified categorical approach" in determining the applicability of the career offender enhancement. Defendant contends that the U.S. Probation Office should have used the "categorical approach" and if such was used, she would not have qualified for the career offender enhancement.

Specifically, Defendant notes that, with respect to her prior conviction in the Fifth Judicial District Court, Docket No. F-2014-97, she was charged with violating La. Rev. Stat. 40:967A, which provides in pertinent part:

> . . . it shall be unlawful for any person knowingly or intentionally:
>
> (1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance **or controlled substance analogue classified in Schedule II.**
>
> (2) To create, distribute, or possess with intent to distribute, a counterfeit controlled dangerous substance classified in Schedule II.

LA. REV. STAT. 40:967A (emphasis added.)

Defendant argues that the generic federal counterpart, 21 U.S.C. §841(a), is more narrowly tailored in that it does not prohibit the distribution of a "controlled substance analogue." The federal statute makes it unlawful to distribute a "controlled substance," which includes by definition an "immediate precursor" included in Schedules I –V, but an "immediate precursor" is not defined as a "controlled substance analogue." Thus, Defendant argues that the federal statute, 21 U.S.C. §841(a), is more narrowly tailored than the state statute that the Government relies on to support the career offender enhancement.

Under U.S.S.G. § 4B1.1(a), a defendant "is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2)

4

the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." The term "controlled substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with the intent to manufacture, import, export, distribute or dispense." U.S.S.G. § 4B1.2(b).

Previous decisions of district courts and the Fifth Circuit have routinely upheld career offender designations based on these Louisiana statutes. *See, e. g.*, *United States v. Francis*, 674 Fed. App'x. 372, 373 (5th Cir. 2016); *United States v. Winbush*, 407 F.3d 703, 704 n. 1 (5th Cir. 2005); *United States v. Adams*, No. 05-CR-271, 2016 WL 3060135 at *1 (E.D. La. May 31, 2016).

However, the Court has also looked at the statute itself. The statute clearly makes it unlawful for a person to "knowingly or intentionally . . . possess with intent to . . . distribute . . . a controlled dangerous substance . . . classified in Schedule II." Defendant's previous qualifying state conviction was for possession with intent to distribute methamphetamine. This conviction under Louisiana's Uniform Controlled Dangerous Substances Law falls clearly within the Sentencing Guidelines' definition of a "controlled substance offense."

Finally, the Court finds that the application of the modified categorical approach is appropriate here. In *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016), the Supreme Court

> resolved a circuit split about when the modified categorical approach can be applied to try to narrow a statute when a court is considering whether that statute qualifies as a certain type of offense under federal criminal and immigration laws. . . . Mathis held that only the elements matter. So when a statute merely sets out multiple means for committing a crime, some of which match the generic offense

and others that do not, the ordinary categorical approach applies and there is no match to the generic offense.

*Gomez-Perez v. Lynch*, 829 F.3d 323, 326-27 (5th Cir. 2016). In this case, the Court finds that the objected-to statute requires proof as to elements, not means, and the Court can properly look to charging documents under *Mathis*.

Defendant's Objection #4 is DENIED.

**Objections #5, 6 & 7:** Defendant objects that her offense level, criminal history category, and resulting Guideline range should all be amended. For the reasons previously stated, Defendant's Objections #5, 6, & 7 are DENIED. Defendant's offense level and range of imprisonment have been amended as previously indicated.

**MONROE, LOUISIANA, this 2nd day of December, 2019.**

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE